United States District Court
Southern District of Texas
**ENTERED**
June 12, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **ALEJANDRA SANCHEZ AGUILERA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-00918** |
| | § | |
| **ORLANDO PEREZ,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

Pending before the Court is Petitioner Alejandra Sanchez Aguilera's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), challenging the lawfulness of her detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS). For the following reasons, Petitioner's petition, (Dkt. 1), is **GRANTED**.

## Background

Petitioner filed her Petition for Writ of Habeas Corpus on May 15, 2026. (Dkt. 1.) Petitioner is a 31-year-old native and citizen of Mexico who has resided in the United States for 12 years since she entered in 2014. (*See* Dkt. 1 at 3; Dkt. 8 at 2.) On March 7, 2026, Petitioner was arrested and charged with a misdemeanor. (*See* Dkt. 1 at 3; Dkt. 8 at 2.) On March 9, 2026, Petitioner was transferred to immigration custody pursuant to a detainer. (*See* Dkt. 1 at 3; Dkt. 8 at 2.) She was taken to the Laredo Processing Center where she currently is located. (Dkt. 1 at 4.) Petitioner applied for Cancellation of Removal under 8 U.S.C. § 1229b(b) before the immigration court. (*Id.* at 4.) On May 15, 2026, an Immigration Judge (IJ) denied Petitioner's application for Cancellation of Removal and granted Petitioner post-conclusion voluntary departure. (Dkt. 8 at 2.) Petitioner

1 / 6

reserved appeal of the IJ's order denying her application for Cancellation of Removal and an appeal is due by June 15, 2026. (*Id.* at 2.) Petitioner alleges that she is being detained subject to mandatory detention under 8 U.S.C. § 1225(b)(2) in violation of her rights under the Due Process Clause of the Fifth Amendment. (*Id.* at 5–12.) She asks the Court to order her immediate release from custody or provide her with a bond hearing. (*Id*. at 12.)

The Court ordered Respondents to respond to Petitioner's petition on or before May 25, 2026. (Dkt. 4.) Respondents filed an Unopposed Motion for Extension of Time, (Dkt. 6), which the Court granted on May 22, 2026. (Dkt. 7.) Respondents subsequently filed a timely Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment, (Dkt. 8), arguing that Petitioner is instead subject to a final order of removal because Petitioner failed to depart from the United States within the time period provided in the IJ's order granting post-conclusion voluntary departure. (Dkt. 8 at 2.) Petitioner subsequently filed a reply, (Dkt. 9), arguing that the IJ's grant of voluntary departure cannot have converted into a final order of removal because Petitioner reserved appeal and thus, the IJ's decision is stayed until the appeal period expires without an appeal being filed, or the Board of Immigration Appeals (BIA) issues a decision. (Dkt. 9 at 2–3.)

Additionally, on February 6, 2026, the United States Court of Appeals for the Fifth Circuit addressed the dispute over the statutory interpretation of 8 U.S.C. § 1225(b)(2)'s mandatory detention provision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). In the precedential decision, the Fifth Circuit determined that noncitizens apprehended in the interior who entered without inspection are "applicants for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore are not entitled to bond hearings under 8 U.S.C. § 1226(a). *Id.* at 498. The decision was limited to the statutory interpretation of the applicable

provisions and left unresolved other claims brought by petitioners challenging their mandatory detention, including constitutional questions under the Due Process Clause. *Id.* at 508.

### Discussion

The Court first considers whether Petitioner is subject to a final order of removal and therefore detained pursuant to 8 U.S.C. § 1231(a). Respondents argue that Petitioner is subject to a final order of removal because she failed to depart from the United States within the time period provided in the IJ's order denying her application for Cancellation of Removal and granting her post-conclusion voluntary departure, and thus, the IJ's order automatically converted into a final order of removal. (Dkt. 8 at 2.) Petitioner counters that the IJ's decision has been stayed during the appeal period so the time for her to voluntarily depart has been tolled which means that she remains subject to detention under 8 U.S.C. § 1225(b)(2) as interpreted in *Buenrostro-Mendez* rather than post-removal-order detention under § 1231(a). (Dkt. 9 at 2–3.) She also raises an equitable tolling argument to the Court, arguing that she could not have voluntarily departed from the United States given that she has remained in ICE custody and ICE is therefore responsible for any failure to facilitate her departure. (Dkt. 9 at 3–4.)

In general, an IJ's decision in removal proceedings does not become administratively final until the noncitizen waives appeal or the time to appeal expires without an appeal being taken, or until the BIA affirms the IJ's decision. *See* 8 C.F.R. § 1003.6 ("[T]he decision in any proceeding under this chapter from which an appeal to the Board may be taken shall not be executed during the time allowed for the filing of an appeal unless a waiver of the right to appeal is filed, nor shall such decision be executed while an appeal is pending or while a case is before the Board by way of certification."). When a noncitizen is granted voluntary departure, a valid and timely appeal to the BIA stays the effect of the IJ's order and tolls the time period for the noncitizen to depart. *See*

3 / 6

*Matter of A-M-*, 23 I. & N. Dec. 737, 743–44 (BIA 2005) ("[T]he timely filing of an appeal with the Board stays the execution of the decision of the Immigration Judge during the pendency of the appeal and tolls the running of the time authorized by the Immigration Judge for voluntary departure." (citing 8 U.S.C. § 1101(a)(47)(B)(i))); *Moorani v. Gonzales*, 182 F. App'x 352, 353 (5th Cir. 2006) (unpublished) ("[The noncitizen] appealed, which automatically tolled the running of the voluntary departure period."); *see also* 8 C.F.R. § 1003.6(a) ("[T]he decision in any proceeding . . . from which an appeal to the Board may be taken shall not be executed during the time allowed for the filing of an appeal unless a waiver of the right to appeal is filed, nor shall such decision be executed while an appeal is pending . . . .").

Here Petitioner properly reserved appeal of the IJ's decision denying her application for Cancellation of Removal and granting post-conclusion voluntary departure and has until June 15, 2026, to timely file an appeal with the BIA. (Dkt. 8 at 2; Dkt. 9 at 3.) Thus, the time period for Petitioner to depart the United States has been tolled. Furthermore, the Court also acknowledges that Petitioner has remained in ICE custody and is therefore not at liberty to effectuate her own departure from the United States. Therefore, Petitioner remains subject to detention under 8 U.S.C. § 1225(b)(2)'s mandatory detention provision while her removal proceedings are ongoing.

Turning to Petitioner's claims challenging her detention under 8 U.S.C. § 1225(b)(2), the Court concludes that Petitioner's due process claim presents nearly identical legal questions to those previously considered by the Court in *Bonilla Chicas v. Warden*, 2026 WL 539475, at *1 (S.D. Tex. Feb. 20, 2026) and *Strunin v. Garcia*, 2026 WL 958952, at *1 (S.D. Tex. Mar. 3, 2026), in which the Court determined that the petitioners' redetention by ICE violated their rights under the Due Process Clause. Because Petitioner's due process claim is materially indistinguishable from those considered by the Court in *Bonilla Chicas* and in *Strunin* and because Respondents

have failed to offer controlling precedent or reasoning that would justify reaching a different result in this case, the Court is unpersuaded to alter its prior analysis of the issue. In accordance with its prior analysis, the Court holds that because Petitioner is a noncitizen who previously entered the United States without inspection and has since established ties to the United States through her residency, the Due Process Clause of the Fifth Amendment guarantees Petitioner an individualized assessment of her flight risk and dangerousness and an opportunity to respond prior to detention by ICE. This conclusion is further supported by the growing number of district courts that have likewise found that mandatory detention of noncitizens who have established a presence in the United States violates their procedural due process rights. *See, e.g.*, *Vieira v. De Anda-Ybarra*, 2025 WL 2937880, at *7 (W.D. Tex. Oct. 16, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 687 (W.D. Tex. 2025) (collecting cases); *Hernandez-Fernandez v. Lyons*, 2025 WL 2976923, at *7 (W.D. Tex. Oct. 21, 2025); *Marceau v. Noem et al.*, 2026 WL 368953, at *2 (W.D. Tex. Feb. 9, 2026); *Clemente Ceballos v. Garite,* 3:26-cv-00312-DB, at *3 n. 2 (W.D. Tex. Feb 10, 2026); *Torres v. Hermosillo*, 2026 WL 145715, *5 (W.D. Wash. Jan. 20, 2026) (collecting cases); *Rincon v. Hyde*, 2025 WL 3122784, *2 (D. Mass. Nov. 7, 2025); *Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128, 147, 151 (W.D.N.Y. 2025); *Rodriguez v. Bondi*, 3:26-cv-292 (W.D. Tex. Feb. 25, 2026).

Thus, the Court holds that because Petitioner's detention violates her rights under the Due Process Clause of the Fifth Amendment, she is entitled to equitable relief and that the appropriate remedy is Petitioner's immediate release from custody with additional safeguards against redetention.

**CONCLUSION**

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is **GRANTED**. Respondents' Response to the Petition for Writ of Habeas Corpus and Motion for Summary Judgment, (Dkt. 8), is **DENIED**.

1.      Respondents are **ORDERED** to **RELEASE** Petitioner from custody immediately, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release within 24 hours of the date of this Order.

2.      Respondents must return any and all identification documents and personal belongings taken from Petitioner at the time of apprehension or during detention.

3.      Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **no less than three hours** prior to Petitioner's release from custody.

4.      If Petitioner is redetained, all applicable regulations and procedures must be followed, including that Petitioner be afforded an individualized assessment of Petitioner's flight risk and dangerousness as guaranteed under the Due Process Clause of the Fifth Amendment.

IT IS SO ORDERED.

SIGNED this June 11, 2026.

Diana Saldaña
United States District Judge